Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1583 | **DATE** | 8/6/2001 |
| **CASE TITLE** | MISTI CRULL vs. THE STATE OF ILL JUDICIAL INQUIRY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 9/13/01 at 9:30 a.m. Enter Memorandum Opinion And Order. The State of Illinois Judicial Inquiry Board's motion to dismiss is granted. The remaining defendants' motion to dismiss is granted in part and denied in part. The Board is dismissed with prejudice. Plaintiff's deprivation of liberty claim (Count II) against defendants Sunderman, Parkhurst, and Twine is dismissed without prejudice.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 0 7 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 10 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG -6 PM 6: 21 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
AUG 0 7 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MISTI CRULL,

    Plaintiff,

v.

THE STATE OF ILLINOIS JUDICIAL INQUIRY
BOARD, WILLIAM SUNDERMAN, JUSTICE
JOHN W. RAPP, LINDASY PARKHURST, and
KATHY TWINE (individually and in their
official capacities),

    Defendants.

No. 01 C 1583

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Misti Crull, filed suit against defendants, alleging due process violations of the Fourteenth Amendment and 42 U.S.C. § 1983 for alleged property and liberty deprivation following the termination of her employment with the Judicial Inquiry Board. Before the Court is defendants' Motion to Dismiss.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).



Plaintiff's complaint alleges that she was hired as an investigator for the Judicial Inquiry Board (Board) in October 1997. While employed at the Board, plaintiff received praise for work, raises in pay, and never received a verbal or written warning regarding her performance. In October 2000, plaintiff was called into a meeting with William Sunderman (Sunderman); Justice John W. Rapp (J. Rapp); Lindsay Parkhurst (Parkhurst); governing members of the Board; and Kathy Twine, the Executive Director and General Counsel of the Board. At the meeting, plaintiff was informed that her employment with the Board was terminated. Plaintiff was not given any prior warning, reason, hearing, or opportunity to respond to her termination.

Plaintiff also alleges that following her employment termination, J. Rapp publicly made false and defamatory comments about her, including, in part, that she was not fired because of her performance but was fired for reasons that were false and defamatory. Plaintiff also learned that the defendants have published false and misleading comments that her performance as an investigator was "unsatisfactory".

The Board argues that it is immune from suit under the Eleventh Amendment of the United States Constitution.

Absent a valid waiver of immunity or a statute overriding a state's immunity, a state as such may not be sued in federal court. *Ryan v. Illinois Dept. of Children & Family Serv.*, 185 F.3d 751, 758 (7th Cir. 1999) (*Ryan*). This immunity applies to both the state and its agencies regardless of the nature of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Accordingly, the Board, as a state agency, is immune from suit in federal court and is dismissed with prejudice.

The individual defendants argue that the claims against them should be dismissed because plaintiff was an at-will employee of the State and that she had no property interest in her continued employment. Plaintiff argues that her complaint sufficiently pleads that she had a property interest in her employment and that defendants are inappropriately arguing the merits of the claim.

A property interest in the employment context can arise by an independent source, such as a state law securing such a benefit, or by a clearly implied promise of continued employment. *Heck v. City of Freeport*, 985 F.2d 305, 310 (7th Cir. 1993) (*Heck*). As to the second means of establishing a property interest, "mutually explicit understandings that support [a] claim of entitlement" may give rise to a property interest in employment. *Perry v. Sinderman*, 408 U.S. 593, 601 (1972).

In the instant case, plaintiff alleges that the Board did not have its own discharge procedures and that the Board followed the personnel policies for state employees as covered by Central Management Services (CMS). She also alleges that it was the policy of the State of Illinois to give its employees due process, including notice and opportunity for a hearing. In addition, she was assured that the structure of the Board was designed to afford due process for the staff of the Board as well as the judges that they investigated. Defendants argue that plaintiff is attempting to extend coverage of the Illinois Personnel Code (Code) to the Board. Defendants argue that it is "highly doubtful" that the coverage of the Code would extend to the Board but concede that there is no case law ruling on this issue.

Based on the pleading requirements set out above, plaintiff has sufficiently pled that she

3

had a property interest in her employment. These allegations include that the Board adopted the policies and procedures of CMS as set forth in the Code, Illinois has a policy of giving its employees due process rights prior to termination, and plaintiff was assured that the structure of the Board was designed with the same due process rights for its staff as the judges received through the Board.

Defendants also argue that plaintiff has failed to state a claim for a deprivation of a liberty interest.

A discharged state employee must show that: (1) she was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) she suffered a tangible loss of other employment opportunities as a result of public disclosure. *Strasburger v. Board of Educ., Hardin County*, 143 F.3d 351, 356 (7th Cir. 1998). The stigmatizing conduct must be more than an a charge of incompetence, neglect of duty, or malfeasance. It must be a public statement of dishonesty, immorality, disloyalty, or subversive activities. *Hadley v. County of DuPage*, 715 F.2d 1238, 1245 (7th Cir. 1973).

Here, plaintiff alleges that J. Rapp made false and defamatory comments about her concerning her termination. She also alleges that "defendants" have published false and defamatory comments, including, but not limited to, that her performance was "unsatisfactory". She alleges the defamatory statements were published and have caused employment opportunities to be foreclosed. Plaintiff does not indicate the content of the alleged defamatory comment by J. Rapp. Defendants argue that plaintiff must plead this claim *in haec verba*. However, plaintiff need not plead her § 1983 claim *in haec verba*, which may be necessary for a

4

claim of defamation in state court. *See Goldstein v. Kinney Shoe Corp.*, 931 F.Supp. 595, 597 (N.D.Ill. 1996) (emphasis added); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (no heightened pleading requirements for claims against municipalities under 42 U.S.C. § 1983). Accordingly, plaintiff has sufficiently pled a cause of action for alleged deprivation of a liberty interest against J. Rapp.

However, plaintiff has failed to allege that any of the other defendants were personally involved in the alleged constitutional wrongdoing. "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 669 F.2d 864, 869 (7th Cir. 1983). Therefore, a complaint must allege that the defendants were personally involved in the constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000).

Here, plaintiff alleges that "defendants" made further defamatory statements, but she fails to identify which defendants made the alleged statements that caused the constitutional deprivation. Accordingly, plaintiff's deprivation of liberty claim against the remaining defendants is dismissed without prejudice.

Lastly, defendants argue that plaintiff's claims should be dismissed because the defendants have qualified immunity.

The court engages in a two-step analysis to evaluate a claim of qualified immunity. *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000) (*Jacobs*). First, the court determines whether the plaintiff's claim states a violation of her constitutional rights. Second, the court determines whether those rights were clearly established at the time the violation

5

occurred. *Jacobs*, 215 F.3d at 766. If the rights were not clearly established, the public official is immune from suit, and the claim is dismissed. *Jacobs*, 215 F.3d at 766.

The plaintiff has the burden of demonstrating that a constitutional right is clearly established. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994). A clearly established right is established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The court first looks to controlling Supreme Court precedent and its own circuit decisions on the issue to determine whether a right is clearly established. Absent any controlling precedent, the court reviews all relevant case law in order to determine "whether there was such a clear trend in the case law that we can say with fair assurance that the recognition of the right by controlling precedent was merely a question of time." *Cleveland-Perdue v. Brutsche*, 881 F.2d 427, 431 (7th Cir. 1989).

Defendants allege that they should be afforded qualified immunity because there is no clearly established body of law that could have put the defendants on notice that the plaintiff was anything but an at-will employee.

Pursuant to Illinois law, as under federal standards, a public employee who cannot be dismissed except for cause has a property interest in their position. *Powell v. Jones*, 56 Ill. 2d 70 (1973); *Patkus v. Sangamon-Cass Consortium*, 769 F.2d 1251, 1263 (7th Cir. 1985). Absent a controlling state statute, extrinsic evidence of a policy or practice upon which a legitimate expectation of the continuation of a benefit can be based may provide a basis for the property right. *Danno v. Peterson*, 421 F.Supp. 950, 953 (N.D.Ill. 1976).

6

In this case, plaintiff alleges that she had a legitimate expectation based on the Board's following CMS procedures and Illinois' policy of providing state employees due process. She further alleges that she was assured that the structure of the Board was designed to produce credibility and due process for the staff as well as the judges that the Board investigated. Based on these allegations, and construing all ambiguities in plaintiff's favor, as is required, plaintiff has sufficiently pled a violation of her constitutional rights.

Therefore, the Court must determine if the rights were clearly established at the time of the alleged violation.

There is no controlling Supreme Court precedent, and the circuit has not ruled on the issue of whether a Board employee has a property interest in his or her position. The case law is clear that an employee may have property interest in their employment pursuant to the Illinois Personnel Code (Code). *See, e.g., Ryan*, 185 F.3d at 761. In addition, adverse employment action against a judge by the Board can only take place after proper notice and hearing.
Ill. Const. Art. VI, 15 (e).

The Board was created pursuant to the Illinois Constitution Art. VI, § 15 (b). Judges may not be removed, suspended without pay, censured, or reprimanded without cause. Art. VI, § 15(e). The Board has the power and authority to "appoint and direct its staff." Art. VI, § 15 (d). Pursuant to Illinois law, "[a]ll officers and positions of employment in the service of the State of Illinois" are subject to the Code unless exempted in that or any other Act. 20 ILCS ILCS 415/4. The Code does exempt judges and officers and employees of the courts. 20 ILCS 415/4c (3). The Code does not list the Board, which contains both judges and non-judges, or the

7

Board's employees as exempt from the Code.

Based on the allegations in plaintiff's complaint, and in light of the stage of litigation, plaintiff has sufficiently pled allegations that would indicate that the defendants, as reasonable public officials, would have known plaintiff had a property interest in her continued employment; and their alleged actions violated plaintiff's constitutional rights. These allegations include that the Board adopted CMS policies and procedures as provided by the Code, and plaintiff was assured that the staff acquired the same due process rights as the judges they investigated.

For the foregoing reasons, defendant, The State of Illinois Judicial Inquiry Board's Motion to Dismiss is granted. The remaining defendants' Motion to Dismiss is granted in part and denied in part. The Board is dismissed with prejudice. Plaintiff's deprivation of liberty claim (Count II) against defendants Sunderman, Parkhurst, and Twine is dismissed without prejudice.

Dated:

JOHN W. DARRAH
United States District Judge